BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

DENISE M. OKI (CABN 311212)
Special Assistant United States Attorney

    450 Golden Gate Avenue, 11th Floor
    San Francisco, California 94102-3495
    Telephone: (415) 436-7196
    FAX: (415) 436-7234
    Email: Denise.Oki@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: CR 3-17-71468 NJV |
| Plaintiff, | **[PROPOSED] ORDER DETAINING DEFENDANT PRIOR TO TRIAL** |
| v. | |
| ADRIEN CLIFF THIERRY, | |
| Defendant. | |

On October 16, 2017, a Complaint was filed in the Northern District of California charging Defendant Adrien Cliff Thierry with one count of violating Title 18, United States Code, Section 922(g)(1) – Felon in Possession of Firearm. On October 16, 2017, Defendant appeared before Magistrate Judge Corley for arraignment on the Complaint. On October 19, 2017, Defendant appeared before this Court for identification of counsel and detention hearing. Defendant was represented by Assistant Federal Public Defender Elizabeth Falk. Special Assistant United States Attorney Denise Oki represented the United States. The government requested detention, submitting that no condition or combination of conditions would reasonably assure the safety of the community. Pretrial Services submitted a report recommending detention, on grounds of both the Defendant's risk of non-appearance

and danger to the community.

Upon consideration of the Pretrial Services report, the court file, and the party proffers at the detention hearing, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community. Accordingly, the Court orders Defendant detained pending trial.

This Order supplements the Court's findings at the detention hearing and serves as written findings of fact and statement of reasons as required by Title 18, United States Code, Section 3142(i).

The Bail Reform Act of 1984 sets forth the factors the Court must consider in determining whether pretrial detention is warranted. In coming to its decision, the Court has considered those factors, paraphrased below:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and record of court appearances; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

In considering all of the facts and proffers presented at the hearing, the Court finds the following factors among the most compelling in reaching its conclusion that no combination of conditions can reasonably assure the safety of the community. First, in considering the Defendant's risk of flight, there have been multiple bench warrants issued to the defendant spanning a criminal history that goes back to 2001. These bench warrants have been issued for a variety of crimes, including vandalism, obstruction, transportation or sale of controlled substances, and evading peace officer causing injury or death. Most recently, a bench warrant has been issued in July and in September 2017. Second, the defendant's extensive criminal history in combination with a conviction for evading police and having a loaded rifle in the front seat of the defendant's car in the Presidio are factors indicating the Defendant's release would pose a danger to the community.

Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS HEREBY ORDERED THAT:

(1) Defendant is committed to the custody of the Attorney General for confinement in a corrections facility;

(2) Defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

This Order is without prejudice to reconsideration at a later date if circumstances change.

IT IS SO ORDERED.

October 19, 2017

_____
HON. NANDOR J. VADAS
United States Magistrate Judge